UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **1024 N. ROBERTSON, LLC,** | * | |
| | * | **CIVIL ACTION NO. :** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **UNDERWRITER AT LLOYD'S, LONDON FOR POLICY NO. 141NORL1150,** | * | **JUDGE** |
| | * | |
| *Defendants* | * | **MAGISTRATE JUDGE** |

*****************************************************************************

## PLAINTIFF'S ORIGINAL COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, 1024 N. Robertson, LLC (hereinafter "Petitioner"), who respectfully requests that this Honorable Court issue a judgment awarding damages associated with this suit.

## PARTIES

1.

Petitioner, 1024 N. Robertson, LLC, is a domestic limited liability company authorized to do business in the state of Louisiana with its principal place of business in Parish of Orleans, State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana.

2.

Made Defendant herein is:

A. Underwriters at Lloyd's, London for Policy No. 141NORL1150 (hereinafter "Defendant"), a foreign insurance company that is authorized to do and used to do business in the State of Louisiana.

3.

## JURISDICTION AND VENUE

This is an action on an insurance policy. This Court has jurisdiction over this matter under 28 U.S. Code § 1332. The sum in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs, and the parties are completely diverse, as described above. Venue is proper in this District pursuant to 28 U.S.C. § 1391because (a) the Plaintiff is a Louisiana Corporation and it principle place of business is in Jefferson Parish, State of Louisiana, (b) this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, and (c) this is the judicial district in which the Plaintiff is subject to personal jurisdiction.

## FACTUAL BACKGROUND

4.

At all times relevant herein, Petitioner owned the following property ("Property") and contents located at 1022-1024 N. Robertson Street Avenue in New Orleans, Louisiana.

5.

To protect their property from damage, including the risks of roof damage, water damage, and moisture damage, the Petitioner obtained policy No. 141NORL1150 from Defendant, and Petitioner paid their premiums. The policy was in full force and effect at all times pertinent to this suit.

6.

On or about August 29, 2021, the Property and the surrounding areas were struck by Hurricane Ida. Hurricane Ida caused wind damage, flooding, power outages, road closures, and the effective closure of the Parishes of Orleans and Jefferson.

7.

As a result of Hurricane Ida and the effects thereof, Petitioner suffered damages to the above-listed properties including real and business property, structural damages, lost income and revenue and profits, demolition costs, loss of contents, spoilage, and/or other damages and losses which are covered by the policy of insurance purchased by Petitioner from the Defendant.

8.

The policy provided by defendants provided coverage for physical loss or damage to, among other things, the structure demolition, spoilage, loss of contents and their personal property as well as for the loss of use of their home, and loss of business rentals.

9.

Petitioner provided adequate notice and proof of loss on multiple occasions to Defendant. Despite having been provided with sufficient proofs of loss and every reasonable opportunity to properly adjust the loss and pay Petitioner their full policy limits for the damage to their property, defendants have offered only a fractional remittance for Petitioner's covered losses.

10.

The Property and contents therein were significantly damaged by and suffered a diminution in value because of Hurricane Ida. These significant Hurricane Ida-related damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

11.

By March 2022, Petitioner received a confirmation of the claim for damage to the properties from a third-party administrator on behalf of defendants. Their claim was assigned claim number 140210058 ("the Claim" or "Insurance Claim").

12.

Upon timely notification of the Loss, Defendant inspected the Property, and provided an initial estimate on the Claim. This estimate, however, grossly underreported the damage and losses incurred.

13.

Defendant's inspection of the properties and businesses constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, LA Rev. Stat. 22:1892 and 22:197.

14.

Defendant's adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property and properly compensate covered losses incurred by Petitioner caused by Hurricane Ida.

15.

As a result of Defendant refusing and/or failing to adjust the Claim fairly, undersigned counsel was hired, and an expert adjuster was retained to inspect the properties and to document and estimate the damages and losses pursuant to this Claim.

16.

Over the course of 2022, Petitioner provided detailed demands for insured compensation from defendants, including a detailed demand for the release of unconditional tenders was sent to Defendant. The demand(s), along with an expert report - as well as other supporting

documentation - demonstrate the losses outlined therein and constitute satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, pursuant to LA R.S. 22:1892 and 22:1973.

17.

Despite receiving satisfactory proof of loss, Defendant has yet to tender adequate insurance proceeds as of the date of this filing.

18.

Petitioner has attempted to recover the full value of their covered damages and/or insurance proceeds due from Defendant to no avail as of the date of this filing.

19.

Defendant's failure to comply with the terms of its own Policy caused - and continues to cause - significant delay to the repair of the Property and additional cost, including, but not limited to, mental pain and anguish, additional living expenses, structural damage, loss of personal property, and general and/or special damages to Plaintiffs.

20.

Upon information and belief, relative to the damage and losses and/or Claim at issue, defendants acted intentionally and/or negligently when it:

    A. Failed to timely tender proceeds due after having received satisfactory proof of loss;
    B. Misrepresented the terms and conditions of the Policy at issue;
    C. Conducted the investigation and claims handling in bad faith;
    D. Manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value;
    E. Failed to adequately pay for losses as required by the Policy; and/or
    F. Failed to include adequate overhead, and profit, and rental loss in its estimates of damages.

21.

Petitioner has incurred additional expenses and/or delays in making repairs and mitigation and demolition because defendants failed to timely pay for losses due under the Policy and/or for the Claim at issue.

22.

Petitioner has incurred professional expenses, including expert and attorney's fees, to prove that defendants wrongfully failed to adequately/timely pay on the Claim at issue.

23.

Petitioner has incurred and will continue to incur additional operating expenses and/or losses as a result of the damages caused to the Property by Hurricane Ida, including those additional expenses that will be incurred during additional repair of the properties.

## **CLAIM ONE: BREACH OF INSURANCE CONTRACT**

24.

All allegations contained in this Petition are hereby adopted and re-alleged.

25.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

26.

At all material times herein, an insurance contract, the Policy, existed between Petitioner and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

27.

Upon information and belief, Defendant breached the Policy and/or insurance contract by intentionally and/or negligently:

    A.    Failing to timely tender proceeds due after having received satisfactory proof of loss;
    B.    Misrepresenting the terms and conditions of the Policy at issue;
    C.    Conducting the investigation and claims handling in bad faith;
    D.    Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;
    E.    Failing to adequately pay for losses as required by the Policy;
    F.    Failure to compensate for mold remediation due to covered loss;
    G.    Failing to include adequate overhead and profit in its estimates of damages; and/or
    H.    Failure to pay for business profit losses.

28.

Petitioner has suffered and continues to suffer general, special, and/or consequential damages because of Defendant's breaches of the insurance contract.

## CLAIM TWO: BAD FAITH

29.

All allegations contained in this Petition are hereby adopted and re-alleged.

30.

The actions and/or inactions of Defendant in failing to adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious, and without probable cause as those terms are used in conjunction with LA Rev. Stat. 22: 1892 and 22: 1973, making Defendant liable for statutory bad faith penalties.

31.

Under LA Rev. Stat. 22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of LA Rev. Stat. 22:1973.

32.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary,

capricious, or without probable cause" is considered "bad faith" and is in violation of LA Rev. Stat. 22:1973.

33.

LA Rev. Stat. 22:1892 imposes bad faith penalties on an insurer who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days or fails to make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

34.

Defendant is in violation of LA Rev. Stat. 22: 1973 and 522: 1892 for failing to provide Plaintiffs adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiffs provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

35.

Defendant is in violation of LA Rev. Stat. 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

36.

Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously:

    A.    Failing to timely tender proceeds due after having received satisfactory proof of;
    B.    Misrepresenting the terms and conditions of the Policy at issue;
    C.    Conducting the investigation and claims handling in bad faith;

    D.    Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;
    E.    Failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statute;
    F.    Failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim; and/or
    G.    Failing to include adequate overhead and profit in its estimates of damages.

37.

Upon information and belief, further evidence of Defendants' bad faith will be revealed through the discovery process.

38.

Plaintiff has suffered and continue to suffer general, special and/or consequential damages because of Defendant's bad faith.

## **DAMAGES**

39.

All allegations contained in this Petition are hereby adopted and re-alleged.

40.

Defendant is liable to Petitioner, relative to the Property Damage and/or Claim at issue, under the following legal theories:

    A.    Breach of contract;
    B.    Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, mental anguish, inconvenience, and the incurrence of professional and/or expert fees; and/or

    C.      Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

41.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiffs have incurred and/or sustained the following, non-exclusive damages:

- A. Diminution of the value of the Property;
- B. Underpayment and/or delayed payment of covered damages/repair costs;
- C. Actual repair costs, temporary repair costs, as well as increased repair costs;
- D. Loss of contents;
- E. Lost use;
- F. Penalties delineated in LA Rev. Stat. 22: 1892 and 22: 1973;
- G. Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action;
- H. Other general, special and/or consequential damages; and,
- I. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, 1024 N. Robertson, LLC , prays that the defendant, Underwriters at Lloyd's, London for Policy No. 141NORL1150, be served with a copy of this petition, and that after all legal delays, they be required to answer same and after all proceedings there be a judgment in favor of your Petitioner, 1024 N. Robertson, LLC, for all amounts commensurate with their damages, in such sums the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Petitioner prays for relief and judgment against the Defendant as follows:

- A. Compensatory, general and/or contractual damages;
- B. Consequential and/or special damages, including but not limited to those incurred as a result of Defendant's bad faith;
- C. Penalties as a result of Defendant's bad faith;
- D. Attorneys' fees as a result of Defendant's bad faith;
- E. Prejudgment interest at the highest lawful rate allowed by law;
- F. Interest on the judgment at the highest legal rate from the date of judgment until collected;

    G.    Lost income and contents;
    H.    Additional operating expenses;
    I.    Mental anguish, suffering, and inconvenience;
    J.    All expenses and costs of this action; and
    K.    Such further relief as this Court deems necessary, just, and proper.

### **DEMAND FOR TRIAL BY JURY**

Petitioner is entitled to, and specifically request, a trial by jury of all issues of fact herein.

Respectfully submitted:

PHILIP C. HOFFMAN, LLC

*/s/ Philip C. Hoffman*
Philip C. Hoffman (#32277)
Dayal S. Reddy (#31928)
643 Magazine Street, Suite 300A
New Orleans, LA 70130
Telephone: (504) 822-6050
Facsimile: (504) 313-3911
Email: *phil@pchlawfirm.com*
      *dayal@phclawfirm.com*
      *tara@pchlawfirm.com*
      *shanna@pchlawfirm.com*

**ATTORNEYS FOR PETITIONER**